**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**JOHN DOES 1 & 2,**

    **Plaintiffs,**

        **v.**                           **Civil Action No. 26-959**

**KASHYAP P. PATEL,** *et al.*,

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are two former Federal Bureau of Investigation Special Agents who allege that they were summarily dismissed from the FBI in October and November 2025 in retaliation for their assignment to "Arctic Frost," a federal investigation into a suspected conspiracy to overturn the results of the 2020 Presidential Election. See ECF No. 1 (Compl.), ¶¶ 1–2, 62–69, 90–114. Asserting that the terminations violated their First and Fifth Amendment rights, id., ¶¶ 129–46, they seek declaratory and injunctive relief, including reinstatement and expungement of their personnel records. Id. at 40. They now move to proceed pseudonymously, contending that public identification would expose them and their families to immediate risk of doxing, harassment, and physical harm and would also significantly impair their ability to perform sensitive law-enforcement work if reinstated. See ECF No. 3 (Mot.) at 2.

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

1

## I.    Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCVR 5.1(c)(1), 11.1.  That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non exhaustive factors":

> (1)  whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
>
> (2)  whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> (3)  the ages of the persons whose privacy interests are sought to be protected;
>
> (4)  whether the action is against a governmental or private party; and relatedly,
>
> (5)  the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

2

**II.    Analysis**

Plaintiffs have demonstrated that their interest in anonymity outweighs the public's interest in disclosure of their identities.

The first factor favors pseudonymity when identifying a plaintiff would expose information whose disclosure could threaten the plaintiff's safety.  Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023); Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 4–5 (D.D.C. 2023).  As this Court recognized in a recent analogous case, FBI agents "have a longstanding and legitimate interest in preserving the confidentiality of their identities when disclosure could subject them to harassment or danger."  Does v. Patel, No. 25-4258, ECF No. 5 (Mem. Op. & Order) at 3 (D.D.C. Dec. 15, 2025); see also Lesar v. DOJ, 636 F.2d 472, 487 & n.88 (D.C. Cir. 1980); Baez v. DOJ, 647 F.2d 1328, 1339 (D.C. Cir. 1980); Armstrong v. Exec. Off. of the President, 97 F.3d 575, 581–82 (D.C. Cir. 1996).  That interest carries particular force here.  Plaintiffs' prior assignments — and the roles into which they seek reinstatement — involved counterintelligence, international financial fraud, and other sensitive investigative matters, effectiveness in which depends in part on anonymity.  See Mot. at 1.  Their terminations, furthermore, have drawn significant public attention and accompanying threats.  Id. at 5–7.  Against that backdrop, and given the documented rise in doxing and SWATting targeting law-enforcement personnel, id. at 5 (citing FBI Security Division memo and DHS press release), formally associating Plaintiffs' names with this lawsuit could meaningfully elevate the danger that they and their families already face.  The first factor thus favors pseudonymity.

The second factor considers "whether identification poses a risk of retaliatory physical or mental harm."  In re Sealed Case, 971 F.3d at 326.  Courts in this district have sometimes observed that when identifying a plaintiff would expose the plaintiff to danger, the same facts

that support the first factor also satisfy the second.  Sponsor, 2023 WL 2598685, at *2; Doe v.

Germany, 680 F. Supp. 3d at 5.  The precise category for the risks Plaintiffs face — whether

privacy interests under the first factor or safety under the second — does not affect the analysis.

The paramount point is that Plaintiffs have identified a concrete and non-speculative threat of

retaliatory harm aimed at agents affiliated with the Arctic Frost investigation.  See Compl.,

¶¶ 85–89, 115–19; Mot. at 7–8.  The Court therefore concludes that the second factor also favors

pseudonymity.

The third factor addresses "the ages of the persons whose privacy interests are sought to

be protected."  In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97).

This factor would typically weigh against pseudonymity because "Plaintiffs are adults[] and no

minors are parties to this case."  Mot. at 9.  Plaintiffs argue, however, that disclosure would

threaten the safety of minor children who share the same last name as John Doe 1.  Id.  In light of

the "common privacy interest" that John Doe 1 shares with his minor children, this factor

provides modest weight for Plaintiffs.  J.W. v. District of Columbia, 318 F.R.D. 196, 201

(D.D.C. 2016); see also J. v. District of Columbia, No. 23-1279, ECF No. 3 (Mem. Op. & Order)

at 4 (D.D.C. May 9, 2023) (factor favored pseudonymity; "although Plaintiffs are adults, they

share common privacy interests with their minor child due to their intractably linked

relationship") (cleaned up).

Plaintiffs find stronger support for pseudonymity in the fourth factor.  That factor

assesses the defendant's identity and favors pseudonymity when a plaintiff sues the government

for individualized relief.  J.W., 318 F.R.D., at 201; Doe v. Blinken, No. 24-1629, ECF No. 3

(Mem. Op. & Order) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized

relief against a government defendant[,] . . . the fourth factor favors pseudonymity.").  Both

conditions are satisfied here: Defendants are federal agencies and officials, and Plaintiffs seek

reinstatement, expungement of their personnel records, and other relief tied directly to their

individual terminations.  See Compl. at 40.

Finally, permitting Plaintiffs to proceed anonymously will not prejudice Defendants.

Under the fifth factor, pseudonymity poses no litigation disadvantage when a defendant is

already aware of the plaintiff's true identity.  In re Sealed Case, 971 F.3d at 326 n.1.  The FBI

itself terminated Plaintiffs, and Plaintiffs have agreed to disclose their identities to Defendants

under seal.  See Mot. at 10.  Defendants accordingly suffer no disadvantage from Plaintiffs' use

of pseudonyms.

Taking all five factors together, Plaintiffs have demonstrated that proceeding under

pseudonyms is warranted.

The Court therefore ORDERS that:

1.  Plaintiffs' [3] Motion to Proceed Under Pseudonyms is GRANTED, subject to any

    further consideration by the United States District Judge to whom this case is

    randomly assigned;

2.  All parties shall use the pseudonyms listed in the Complaint in all documents filed in

    this action; and

3.  Within fourteen days of this Order, Plaintiffs shall file:

    i.  A pseudonymous version of their [3] Motion on the public docket; and

    ii.  A sealed declaration containing their real names and residential

         addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: March 26, 2026