**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN DOE 1 and JOHN DOE 2,

    *Plaintiffs*,

    v.

KASHYAP P. PATEL, *et al.*,

    *Defendants*.

Civil Case No. 1:26-cv-00959-JMC

**CONSENT MOTION OF FIRST AMENDMENT SCHOLARS FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Seven scholars of First Amendment law (collectively "First Amendment Scholars," listed in Appendix) respectfully submit this motion for leave to file a brief as *amici curiae* (attached as Exhibit A) in support of Plaintiffs' Response to Defendants' Motion to Dismiss (ECF No. 19). *Amici curiae* have conferred with counsel for both Plaintiffs and Defendants, and the motion for leave to file is unopposed. A proposed order accompanies this motion.

**INTERESTS OF *AMICI CURIAE***

*Amici* are among the nation's leading First Amendment legal scholars. They include law professors who have studied, taught, and written extensively about the First Amendment's protections for political belief and association. *Amici* have a range of views on the proper interpretation of the First Amendment, but all agree that its protection against political patronage practices is essential to the exercise of Plaintiffs' (and millions of other civil servants') core First Amendment freedoms. Further, *amici* possess an interest in the free functioning of the electoral

process, which is threatened by attempts to entrench incumbent party power through firings motivated by partisan retribution. Defendants' actions at issue in this case risk politicizing federal law enforcement, which not only runs afoul of longstanding prohibitions of the First Amendment, as *amici* explain, but presents alarming speech-restrictive consequences to many more people than just the Plaintiffs involved here. Beyond highlighting the downstream consequences of the resolution of this case, *amici* seek to defend their interest in the proper application of the Supreme Court's *Mt. Healthy*'s burden-shifting framework at this preliminary stage in litigation. Each *amicus* is identified in the Appendix to this Motion.

No person or entity other than listed First Amendment Scholars and their counsel made a monetary contribution to this brief's preparation or submission.

## ARGUMENT

Local Civil Rule 7(o)(2) dictates that a movant must "set forth the reasons why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case." A district court retains "broad discretion to allow amicus briefs when they provide unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 50 F.4th 164, 193 (D.C. Cir. 2022) (internal quotations and citations omitted).

*Amici* First Amendment Scholars' proposed participation is desirable as their brief provides helpful background on the First Amendment's prohibition on patronage practices generally and the proper standard to apply at the pleading stage. In explaining how patronage doctrine evolved, the proposed brief offers insight into patronage doctrine's theoretical underpinnings and its focus on preventing adverse employment actions motivated by an impermissible partisan motive. In

particular, the proposed brief explains how patronage limits are an outgrowth of the First Amendment's fundamental limitation on impositions of governmental orthodoxy of belief. *See, e.g.*, *West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 642 (1943). Perhaps because of the efficacy of the Civil Service Reform Act in protecting most federal employees "against arbitrary action, personal favoritism or coercion for partisan political purposes," *see* 5 U.S.C. § 2301(b)(8)(A), the District of Columbia federal courts see surprisingly few First Amendment patronage cases. Therefore, *amici*'s proposed brief provides doctrinal background for the Court that the parties do not discuss. Critically, *amici*'s proposed brief explains how other federal circuit courts operationalize the burden-shifting framework from *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), in patronage cases. The First Amendment Scholars' proposed brief illustrates how those courts have evaluated whether a Plaintiff has plausibly alleged a *prima facie* case for retaliation, and restrained from evaluating the validity of the Government's asserted justification for firings prior to discovery. Finally, the proposed brief explains how Plaintiffs have amply met their burden to avoid dismissal here.

In addition, *amici* First Amendment Scholars provide distinct subject-matter expertise on the First Amendment claims brought by the *Doe* Plaintiffs. *See* Compl. ¶¶ 129–134. Neither party nor any of the proposed *amici* in this case discuss the pleading standard under *Mt. Healthy* in-depth. Likewise, the parties and other *amici* do not devote substantial attention to why firing Federal Bureau of Investigation agents based on their perceived beliefs or associations raises the very concern of indirect coercion that patronage doctrine was intended to stop. The First Amendment Scholars' proposed *amicus* brief would therefore add valuable background that may inform the Court's assessment of the Defendants' Motion to Dismiss (ECF No. 18).

3

Specifically, *amici*'s proposed brief will provide additional context on how courts typically evaluate the plausibility of First Amendment retaliation claims at preliminary stages of litigation. The proposed brief explains why Defendants' asserted justification for firing Plaintiffs is both not ripe and improperly generic to justify dismissal. This is because Defendants' attempt to proffer a *Mt. Healthy* defense cannot be fairly evaluated before discovery; after discovery, this Court can evaluate the credibility of Defendants' asserted justification for the firings. Further, the brief explains how the proper application of *Mt. Healthy*'s burden-shifting framework ought to necessarily entail denying Defendants' motion, at least as to Plaintiffs' First Amendment patronage claim.

**REQUEST FOR RELIEF**

By this motion, *amici curiae* First Amendment Scholars request leave to file the attached brief (Exhibit A). A proposed order granting leave to file is also attached to this motion.

WHEREFORE, *amici curiae* respectfully request that the Court grant this Motion and permit the filing of the accompanying brief of *amici curiae*.

Dated this 29th day of July, 2026.

Respectfully submitted,

/s/ David A. Schulz

| | |
|---|---|
| Anna Baldwin | David A. Schulz |
| Dana Paikowsky | *Counsel of Record* |
| Arianna Khan | Christina Lee |
| Brendan T. Nigro | John Langford |
| CAMPAIGN LEGAL CENTER | MEDIA FREEDOM & |
| 1101 14th St. NW, Suite 400 | INFORMATION ACCESS CLINIC |
| Washington, DC 20005 | YALE LAW SCHOOL |
| (202) 736-2200 | 127 Wall Street |
| abaldwin@campaignlegalcenter.org | New Haven, CT 06511 |
| | (212) 850-6103 |
| | david.schulz@yale.edu |

4

*Counsel for First Amendment Scholars as Amici Curiae*

## APPENDIX (LIST OF AMICI CURIAE)[1]

Jack M. Balkin
Knight Professor of Constitutional Law and the First Amendment
Yale Law School

Heidi Kitrosser
William W. Gurley Professor of Law
Northwestern Pritzker School of Law

Christina Koningisor
Associate Professor of Law
University of California, College of the Law, San Francisco

Genevieve Lakier
Professor of Law and Herbert & Marjorie Fried Teaching Scholar
The University of Chicago Law School

Gregory P. Magarian
Thomas and Karole Green Professor of Law
Washington University in St. Louis School of Law

Burt Neuborne
Norman Dorsen Professor of Civil Liberties Emeritus
New York University School of Law

Francesca Procaccini
Associate Professor of Law
Vanderbilt Law School

---

[1] Institutional affiliations are stated for purposes of identification only.